UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ESPRESSO SUPPLY, INC., a Washington corporation, | CASE NO. C21-663RSM |
| Plaintiff, | ORDER GRANTING DEFENDANTS' MOTION TO DISMISS |
| v. | |
| SMARTCO INTERNATIONAL (HK) LIMITED, a limited liability company organized under the laws of Hong Kong; ETERNAL EAST (HK) LIMITED, a limited liability company organized under the laws of Hong Kong, | |
| Defendants. | |

## I.     INTRODUCTION

This matter comes before the Court on Defendants' Motion to Dismiss Plaintiff's Amended Complaint under Rule 12(b)(6). Dkt. #39. Plaintiff Espresso Supply, Inc. opposes. For the reasons stated below, the Court GRANTS Defendants' Motion.

## II.     BACKGROUND

For purposes of this Motion to Dismiss, the Court will accept all facts in the First Amended Complaint, Dkt. #36, as true. The Court will briefly summarize those facts as relevant to Defendants' Motion.

Plaintiff Espresso Supply is a Washington State corporation located in this District. Dkt. #36, ¶ 1. Eternal East (HK) Limited, a Hong Kong corporation, is the owner of the

"BONAVITA" trademark. *Id.* at ¶ 12.  Smartco Asia, a corporation formed under the laws of the British Virgin Islands, is the exclusive licensee of all of the BONAVITA marks, under which it manufactures and licenses goods in the United States and around the world.  *Id.* at ¶ 13. On November 21, 2012, Espresso Supply and Smartco Asia entered into a prior Distribution Agreement, by which Espresso Supply became the exclusive distributor of Bonavita products worldwide for "an initial term of 5 years with subsequent 5-year renewal periods (subject to sales goals)."  *Id.* at ¶¶ 16-17.  Before the 2012 Agreement expired, on February 29, 2016, the parties entered into the International Distribution Agreement ("IDA") at issue here.  *Id.* at ¶ 21.

Pursuant to the IDA, Espresso Supply became the exclusive worldwide distributor of Bonavita products, subject to the following key terms:

> 7. Duration and Termination
>
> 7.1 The initial duration of this Agreement shall be five (5) years, renewable each year (the "Initial Term").
>
> 7.2 Each party will remain liable under this Agreement for any obligations incurred prior to the effective date of termination or expiration, including the pro rata portion of the Minimum Purchase Requirement.
>
> 7.3. Except as set forth in Section 7.1 above, this Agreement may only be terminated by a party for cause upon ninety (90 days written notice to the defaulting party. For purposes of this Section 7.3, "cause" shall mean a material breach of this Agreement by a party, which upon written notice and the passage of ninety (90) days following the receipt of such notice has not been cured.

*Id*. at ¶¶ 22, 25 and Dkt. #36-2 ("International Distribution Agreement", attached to the Amended Complaint).  Section 18.7 of the IDA states "[t]his Agreement constitute the entire agreement between the parties pertaining to the subject matter hereof, and supersedes in their entirety any and all written or oral agreement previously existing between the parties with respect to such subject matter."  Dkt. #36-2 at 8.

1    In November 2020, the owner of Smartco Asia informed Espresso Supply that it was

2    forming a new company, Smartco International (HK) Limited.  Dkt. #36 at ¶ 34.  All business

3    under the IDA from then on was conducted with this new company.  *Id*. at ¶ 35.

4    About two weeks before the IDA was set to expire, on February 15, 2021, Smartco

5    International executive Carolyn Chen sent Espresso Supply an email noting that the IDA would

6    expire soon.  Dkt. #36 at ¶ 36; Dkt. #15 ("Ku Decl."), ¶ 12 and Ex. D.  Ms. Chen offered "to

7    extend the current agreement thru end of March 2021."  *Id*.  Espresso Supply's President, John

8    Kruger, responded that Espresso Supply "certainly want[ed] to keep the agreement legally up to

9    date and work through any issues," but then claimed the IDA "is an evergreen 5 year term."

10   Dkt. #36 at ¶ 37.  Further communication between the parties failed to result in an extension of

11   the IDA.  On March 30, 2021, counsel for Smartco and Eternal East sent a notice to Espresso

12   Supply that the IDA had expired.  Dkt. #36 at ¶ 39; Ku Decl., ¶ 15, Ex. F.  Smartco's counsel

13   noted that "nothing in the Agreement suggests that such renewal is automatic or that Espresso

14   Supply has a unilateral right to renew the Agreement."  Dkt. #36 at ¶ 39.  Counsel noted that

15   "all rights under the Agreement shall expire and Espresso Supply must cease any further use of

16   the BONAVITA® trademark or further sales of Bonavita® products" effective March 31, 2021.

17   *Id*.  Smartco did not send Espresso Supply a paragraph 7.3 notice or opportunity to cure.  *Id*. at ¶

18   41.

19   Espresso Supply alleges that Smartco has started to market and sell Bonavita Products in

20   direct competition with Espresso Supply.  *Id*. at ¶ 43.

21   Espresso Supply filed this lawsuit in state court on May 6, 2021.  Defendants removed

22   on May 19, 2021.  Dkt. #1. Espresso Supply's operative complaint contains claims of breach of

23   contract, intentional interference with a business expectancy, violation of the Consumer

24   Protection Act, Unfair Competition, and for Declaratory Judgment and Injunctive Relief. Dkt.

ORDER GRANTING MOTION TO DISMISS - 3

#36. Defendants filed Counterclaims against Espresso Supply on June 24, 2021, which Espresso Supply answered on July 15, 2021. Dkts. #10 and #37.

## III. DISCUSSION

### A. Legal Standard under Rule 12(b)(6)

In making a 12(b)(6) assessment, the court accepts all facts alleged in the complaint as true, and makes all inferences in the light most favorable to the non-moving party. *Baker v. Riverside County Office of Educ.*, 584 F.3d 821, 824 (9th Cir. 2009) (internal citations omitted). However, the court is not required to accept as true a "legal conclusion couched as a factual allegation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). The complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id*. at 678. This requirement is met when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. The complaint need not include detailed allegations, but it must have "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Absent facial plausibility, a plaintiff's claims must be dismissed. *Id*. at 570.

Where a complaint is dismissed for failure to state a claim, "leave to amend should be granted unless the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." *Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986).

### B. Analysis

The Smartco Defendants' position is that the IDA was renew-*able* with the consent of both parties, Defendants did not renew, and therefore there was no breach of the agreement. Espresso Supply argues that the IDA did not expire on March 31, 2021, or that this is question

of fact.  Dkt. #43 at 5.  In response to the instant Motion, Espresso Supply simply states that its claims are adequately pleaded, without further substantive argument.  *See id*. at 6–8.  In other briefing, Smartco argues that the parties agreed *during negotiations* that the IDA would renew every year on its anniversary for a successive five-year term.  *See* Dkt. #25 at 8.  Espresso Supply appears to concede that there is no automatic renewal term in the IDA, instead arguing for the use of parol evidence to import this intention into the IDA because the IDA was not a "complete expression of all the terms agreed upon." *Id*. at 10.

Defendants argue that Washington law prohibits the use of parol evidence to vary the terms of an integrated agreement or to insert new or different terms. The IDA contained an integration clause.  Absent an allegation that the parties in fact affirmatively renewed the IDA, Defendants assert that the Court must conclude that it expired February 28, 2021, extended to March 31, 2021.

The courts attribute plain, ordinary and popular meaning to common, undefined terms like "renewable." *Nishikawa v. U.S. Eagle High*, LLC, 138 Wn. App. 841, 849 (2007). Undefined contract terms are given their "plain, ordinary, and popular meaning" which "may be ascertained by reference to standard English dictionaries." *Queen City Farms, Inc. v. Cent. Nat'l Ins. Co. of Omaha*, 126 Wn.2d 50, 77 (1994).  Defendants cite to many dictionaries and cases for the definition of this term.  The Court need not repeat these citations; the word "renewable" unquestionably means "capable of being renewed."

According to Espresso Supply's thinking, the IDA could never expire without one of the parties affirmatively terminating it. This, however, would read out of the contract part of Section 7.2, which provides that the parties will remain liable for obligations incurred prior to "termination or expiration." Dkt. #36 at ¶ 25 and Exh. B § 7.2.  Expiration was contemplated.

A court must generally determine the meaning of a contract term and the parties' intentions based on the language the parties chose to use in the agreement. *Berg v. Hudesman*, 115 Wn.2d 657, 663, 801 P.2d 222 (1990). The Court may not use parol or extrinsic evidence to add to, subtract from, vary, or contradict written contracts that are valid, complete, unambiguous, and not affected by accident, fraud, or mistake. *Id*. at 670. Under Washington's "objective manifestation theory" of contract interpretation, the Court must "give words in a contract their ordinary, usual, and popular meaning unless the entirety of the agreement clearly demonstrates a contrary intent." *Hearst Commc'ns, Inc. v. Seattle Times Co.*, 154 Wn.2d 493, 504, 115 P.3d 262 (2005). The Court may not focus on the "unexpressed subjective intent of the parties" and should interpret "what was written" not "what was intended to be written." *Id*.

The Court agrees with Defendants—this contract was clearly renewable, not automatically renewed. This language is not ambiguous, and there is no question of fact as to this point. Espresso Supply offers no basis to consider parol evidence. The five-year term expired without renewal. It was not terminated, therefore notice and a showing of cause were not required. Because the contract was not renewed, Espresso Supply's claim of breach of contract is properly dismissed, along with its other claims which all stem from its position that the contract was still in effect after March 31, 2021. *See* Dkt. #43 at 6–8.[1] Accordingly, dismissal is warranted of all claims against all Defendants. Leave to amend will not be granted as dismissal is based on the Court's reading of the immutable language of the contract.

//

//

---

[1] The intentional interference claim is dependent on "the existence of a valid contractual relationship;" the CPA claim is dependent on Defendants "wrongfully conclude[ing] that the 2016 IDA expired;" the unfair competition claim depends on "[w]hether the 2016 IDA has expired;" and the Declaratory Judgment and Injunctive Relief cause of action asks the Court to find that the contract has not expired. Dkt. #43 at 6–8; Dkt. #36 at 17.

# IV.   CONCLUSION

Having reviewed the relevant pleadings and the remainder of the record, the Court hereby finds and ORDERS:

1)  Defendants' Motion to Dismiss Plaintiff's Amended Complaint under Rule 12(b)(6), Dkt. #39, is GRANTED.   All of Plaintiff's claims against all Defendants are dismissed without leave to amend.

2)  Defendants' earlier Motion to Dismiss, Dkt. #14, is STRICKEN as MOOT.

3)  Plaintiff Espresso Supply's Motion for Preliminary Injunction, Dkt. #31, is based entirely on Plaintiff's now-dismissed claims[2] and is also DENIED.

4)  The Court DIRECTS the parties to confer and file a joint status report on the status of remaining claims and the need for the Court to rule on Defendants' pending Motion for Preliminary Injunction, Dkt. #11, given this Order.  This report is due no later than fourteen (14) days from today's date.

DATED this 8th day of December, 2021.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE

---

[2] *See* Dkt. #31 at 2 ("The basis for the motion is breach by Smartco of the 2016 International Distribution Agreement ("2016 IDA") between Smartco and Espresso Supply.")