UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ESPRESSO SUPPLY, INC., a Washington corporation,<br><br>               Plaintiff,<br><br>     v.<br><br>SMARTCO INTERNATIONAL (HK) LIMITED, a limited liability company organized under the laws of Hong Kong; ETERNAL EAST (HK) LIMITED, a limited liability company organized under the laws of Hong Kong,<br><br>               Defendants. | CASE NO. C21-663RSM<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION |

This matter comes before the Court on Plaintiff Espresso Supply, Inc.'s Motion for Reconsideration. Dkt. #49. Espresso Supply moves the Court to reverse its Order Granting Defendants' Motion to Dismiss, arguing the Court "mistakenly overlooked Washington's adoption of the 'commercially reasonable' standard for commercial contracts" and that it was error for the Court to determine "that the parties' International Distribution Agreement ("IDA") expired on March 31, 2021, without analyzing the commercial reasonableness of this interpretation." *Id*. at 1. Alternatively, Espresso Supply requests the Court amend its Order to grant leave to amend its Complaint to include additional facts in support of its breach of contract claim. Such additional facts are not provided to the Court.

"Motions for reconsideration are disfavored." LCR 7(h)(1). "The court will ordinarily deny such motions in the absence of a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence." *Id*. "The motion shall point out with specificity the matters which the movant believes were overlooked or misapprehended by the court, any new matters being brought to the court's attention for the first time, and the particular modifications being sought in the court's prior ruling." LCR 7(h)(2). No response to a motion for reconsideration shall be filed unless requested by the court. LCR 7(h)(3).

The Court has determined that a response brief is unnecessary.

Espresso Supply is raising a new legal argument and legal authority without demonstrating that such could not have been brought to the Court's attention earlier with reasonable diligence. The Court did not mistakenly overlook Espresso Supply's arguments as to the commercial reasonableness of Defendants' interpretation of the IDA because such arguments were not included in briefing on Defendants' Motion to Dismiss. A motion for reconsideration is not an opportunity to re-open briefing and make new arguments that should have been made previously. In any event, Espresso Supply also fails to cite to new facts which could not have been brought to the Court's attention earlier with reasonable diligence.

Even if the Court were to permit Espresso Supply to raise this issue for the first time now, it fails to demonstrate manifest error in the Order. The Court's interpretation of the IDA was based on the unambiguous plain meaning of "renewable." Espresso Supply does not point to facts or law indicating a renewable contract is manifestly unreasonable in a commercial setting. Instead, Espresso Supply relies on the *ipse dixit* argument that renew-*able* with the consent of both parties "undermines commercial sense because it discourages commercially beneficial behavior and threatens the goodwill of the product." Dkt. #49 at 5. Espresso

Supply's interpretation,[1] on the other hand, "is consistent with commercial reasonableness because it allows for a continued steady stream of product without halting production to negotiate a new contract or locate another supplier/distributor; or at least it promises both parties a minimum window of time in which to plan and make arrangements should their business relationship change…. [providing] predictability that, under the Defendants' interpretation, the parties would not have." Dkt. #49 at 5. These arguments are unsupported by the record.[2] It is not clear to the Court that it is commercially unreasonable to have a renewable contract under these circumstances. Dismissal of Espresso Supply's claims continue to be warranted for all the reasons stated in the Court's Order.

Espresso Supply's alternative requested relief of allowing leave to amend will be denied. The Court concluded that leave to amend would not be granted because "dismissal is based on the Court's reading of the immutable language of the contract." Dkt. #48 at 6. Espresso Supply has previously amended its Complaint and has failed to demonstrate that further amendment could change the Court's ruling.

Having reviewed the relevant pleadings and the remainder of the record, the Court hereby finds and ORDERS that Espresso Supply, Inc.'s Motion for Reconsideration, Dkt. #49, is DENIED.

DATED this 5th day of January, 2022.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE

---

[1] The interpretation advocated by Espresso Supply is that "on each anniversary of the IDA, either party could elect to not renew which, in turn, would trigger a 'final' 5-year term of the IDA." Dkt. #49 at 5.

[2] The only citations provided by Espresso Supply are to declarations of its CEO and former president repeating verbatim the arguments of counsel. *See id.* at 5–6 (citing Dkts. #50 and #51).