1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ESPRESSO SUPPLY, INC., a Washington corporation,<br><br>     Plaintiff,<br><br>  v.<br><br>SMARTCO INTERNATIONAL (HK) LIMITED, a limited liability company organized under the laws of Hong Kong; ETERNAL EAST (HK) LIMITED, a limited liability company organized under the laws of Hong Kong,<br><br>     Defendants. | No. 2:21-cv-00663-RSM<br><br>STIPULATED PROTECTIVE ORDER |
| SMARTCO INTERNATIONAL (ASIA) LIMITED, a corporation organized under the laws of the British Virgin Islands; ETERNAL EAST (HK) LIMITED, a corporation organized under the laws of Hong Kong,<br><br>     Counter Claimants,<br><br>  v.<br><br>ESPRESSO SUPPLY, INC., a Washington corporation,<br><br>     Counter Defendant. | |

STIPULATED PROTECTIVE
ORDER (Case No. 2:21-cv-00663-RSM)

1.   <u>PURPOSES AND LIMITATIONS</u>

Discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection may be warranted. Accordingly, Plaintiff Espresso Supply, Inc. ("Espresso Supply") and Defendants Smartco International (Asia) Limited ("Smartco") and Eternal East (HK) Limited ("Eternal East") hereby stipulate to and petition the court to enter the following Stipulated Protective Order ("Order"). The parties acknowledge that the terms in this Order are consistent with LCR 26(c). It does not confer blanket protection on all disclosures or responses to discovery, the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles, and it does not presumptively entitle parties to file confidential information under seal.

2.   <u>"CONFIDENTIAL" MATERIAL</u>

"Confidential Material" shall include the following documents and tangible things produced or otherwise exchanged:

(a)    personal or other personnel information regarding current or former employees of Espresso Supply, Smartco or Eternal East (including but not limited to contact information, evaluations, compensation and financial information, investigations, discipline, and other information in personnel files and other employee records); financial and legally protectable business information about Espresso Supply, Smartco or Eternal East's operations that is not generally available to the public;

(b)    information pertaining to a third party that is reasonably believed (i) to be personal, (ii) to not be generally available to the public, and (iii) must be designated as Confidential Material in order to protect and preserve the interests of such third party;

(c)     information that either party is obligated by contract or state or federal law to protect as confidential;

(d)     the Parties' non-public financial or tax information;

(e)     contracts that contain confidentiality clauses covering the information to be produced;

(f)     legally protectable proprietary business information or trade secrets; and

(g)     other information that a party in good faith believes (i) to be confidential, proprietary, and/or sensitive, and (ii) the unauthorized disclosure or use would cause material and identifiable harm to the party or a third party.

3.     <u>SCOPE</u>

The protections conferred by this agreement cover not only Confidential Material (as defined above), but also (1) any information copied or extracted from Confidential Material; (2) all copies, excerpts, summaries, or compilations of Confidential Material; and (3) any testimony, conversations, or presentations by parties or their counsel that might reveal Confidential Material.

However, the protections conferred by this agreement do not cover information that is in the public domain or becomes part of the public domain through trial or otherwise.

4.     <u>ACCESS TO AND USE OF CONFIDENTIAL MATERIAL</u>

4.1     <u>Basic Principles</u>. A receiving party may use Confidential Material that is disclosed or produced by another party or by a non-party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Confidential Material may be disclosed only to the categories of persons and under the conditions described in this Order. Confidential Material must be stored and maintained by a receiving party at a

location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

      4.2    <u>Disclosure of "CONFIDENTIAL" Information or Items</u>. Unless otherwise ordered by the court or permitted in writing by the designating party, a receiving party may disclose any Confidential Material only to:

      (a)    the receiving party's counsel of record in this action, as well as employees of counsel to whom it is reasonably necessary to disclose the information for this litigation;

      (b)    the officers, directors, and employees (including in house counsel) of the receiving party to whom disclosure is reasonably necessary for this litigation;

      (c)    experts and consultants to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

      (d)    the court, court personnel, and court reporters and their staff;

      (e)    copy or imaging services retained by counsel to assist in the duplication of Confidential Material, provided that counsel for the party retaining the copy or imaging service instructs the service not to disclose any Confidential Material to third parties and to immediately return all originals and copies of any Confidential Material;

      (f)    during and in preparation for their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the designating party or ordered by the court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Confidential Material

STIPULATED PROTECTIVE ORDER
(Case No. 2:21-cv-00663-RSM) – Page 3

must be separately bound by the court reporter and may not be disclosed to anyone

except as permitted under this Order;

       (g)    the author or recipient of a document containing the information or

a custodian or other person who otherwise possessed or knew the information.

    4.3    <u>Filing Confidential Material</u>. When practicable, before filing Confidential

Material or discussing or referencing such material in court filings, the filing party shall

confer with the designating party, in accordance with Western District of Washington

Local Civil Rule 5(g)(3)(A), to determine whether the designating party will remove the

confidential designation, whether the document can be redacted, or whether a motion to

seal or stipulation and proposed order is warranted. During the meet and confer process,

the designating party must identify the basis for sealing the specific Confidential

Information at issue, and the filing party shall include this basis in its motion to seal, along

with any objection to sealing the information at issue. Western District of Washington

Local Civil Rule 5(g) sets forth the procedures that must be followed and the standards

that will be applied when a party seeks permission from the court to file material under

seal. A party who seeks to maintain the confidentiality of its information must satisfy the

requirements of Western District of Washington Local Civil Rule 5(g)(3)(B), even if it is

not the party filing the motion to seal. Failure to satisfy this requirement will result in the

motion to seal being denied, in accordance with the strong presumption of public access to

the Court's files.

    If the parties are unable to confer prior to filing confidential materials, the filing

party shall file items marked confidential under seal with an accompanying motion to seal

stating that the materials are being filed under seal due to the designations of the

designating party. The designating party shall, in opposition, provide sufficient

information such that the designating party meets the necessary burdens to seal

confidential material.

5.    DESIGNATING PROTECTED MATERIAL

     5.1    Exercise of Restraint and Care in Designating Material for Protection. Each party or non-party that designates information or items for protection under this agreement must take care to limit any such designation to specific material that qualifies under the appropriate standards. The designating party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify, so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

     Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber or delay the case development process or to impose unnecessary expenses and burdens on other parties) expose the designating party to sanctions.

     If it comes to a designating party's attention that information or items that it designated for protection do not qualify for protection, the designating party must promptly notify all other parties that it is withdrawing the mistaken designation.

     5.2    Manner and Timing of Designations. Except as otherwise provided herein, or as otherwise stipulated or ordered, disclosure or discovery material that qualifies for protection under this Order must be clearly so designated before or when the material is disclosed or produced.

          (a)    Information in documentary form: (e.g., paper or electronic documents and deposition exhibits, but excluding transcripts of depositions or other pretrial or trial proceedings), the designating party must affix the word "CONFIDENTIAL" to each page that contains Confidential Material. If only a portion or portions of the material on a page qualifies for protection, the producing party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

(b)     Testimony given in deposition or in other pretrial proceedings: the parties and any participating non-parties must identify on the record, during the deposition or other pretrial proceeding, all protected testimony, without prejudice to their right to so designate other testimony after reviewing the transcript. Any party or non-party may, within fifteen days after receiving the transcript of the deposition or other pretrial proceeding, designate portions of the transcript, or exhibits thereto, as confidential. During those fifteen days, the entire deposition transcript, including exhibits, will be treated as confidential. If a party or non-party desires to protect confidential information at trial, the issue should be addressed during the pre-trial conference.

(c)     Other tangible items: the producing party must affix in a prominent place on the exterior of the container or containers in which the information or item is stored the word "CONFIDENTIAL." If only a portion or portions of the information or item warrant protection, the producing party, to the extent practicable, shall identify the protected portion(s).

5.3     Inadvertent Failures to Designate. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the designating party's right to secure protection under this Order for such material. Upon timely correction of a designation, the receiving party must make reasonable efforts to ensure that the material is treated in accordance with the provisions of this Order.

6.      CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1     Timing of Challenges. Any party or non-party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a designating party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a

party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2     Meet and Confer. The parties must make every attempt to resolve any dispute regarding confidential designations without court involvement. Any motion regarding confidential designations or for a protective order must include a certification, in the motion or in a declaration or affidavit, that the movant has engaged in a good faith meet and confer conference with other affected parties in an effort to resolve the dispute without court action. The certification must list the date, manner, and participants to the conference. A good faith effort to confer requires a face-to-face meeting or a telephone conference.

6.3     Judicial Intervention. If the parties cannot resolve a challenge without court intervention, the designating party may file and serve a motion to retain confidentiality under Local Civil Rule 7 (and in compliance with Local Civil Rule 5(g), if applicable). The burden of persuasion in any such motion shall be on the designating party. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the challenging party to sanctions. All parties shall continue to maintain the material in question as confidential until the court rules on the challenge.

7.     PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL," that party must:

(a)     promptly notify the designating party in writing and include a copy of the subpoena or court order;

(b)     promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the

subpoena or order is subject to this Order. Such notification shall include a copy of this Order; and

        (c)    cooperate with respect to all reasonable procedures sought to be pursued by the designating party whose confidential material may be affected.

8.    <u>UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL</u>

If a receiving party learns that, by inadvertence or otherwise, it has disclosed Confidential Material to any person or in any circumstance not authorized under this Order, the receiving party must immediately (a) notify in writing the designating party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the protected material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request that such person or persons execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

9.    <u>INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL</u>

When a producing party gives notice to receiving parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the receiving parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order or agreement that provides for production without prior privilege review. The parties agree to the entry of a non-waiver order under Fed. R. Evid. 502(d) as set forth herein.

10.    <u>NON TERMINATION AND RETURN OF DOCUMENTS</u>

Within 60 days after the termination of this action, including all appeals, each receiving party must return all Confidential Material to the producing party, including all copies, extracts and summaries thereof. Alternatively, the parties may agree upon appropriate methods of destruction.

1     Notwithstanding this provision, counsel are entitled to retain one archival copy of

2  all documents filed with the court, trial, deposition, and hearing transcripts,

3  correspondence, deposition and trial exhibits, expert reports, attorney work product, and

4  consultant and expert work product, even if such materials contain confidential material.

5  The confidentiality obligations imposed by this Order shall remain in effect until a

6  designating party agrees otherwise in writing or a court orders otherwise.

7     IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

8  DATED September 14, 2023.          DATED September 14, 2023.

9

10  MCNAUL EBEL NAWROT &          SCHWABE WILLIAMSON & WYATT
    HELGREN PLLC,

11  By:  *s/ Matthew J. Campos*          By:  *s/ Nika Aldrich*
12  Daniel M. Weiskopf, WSBA No. 44941    Nika Aldrich, WSBA No. 48473
    Matthew J. Campos, WSBA No. 40777     1420 5th Ave., Suite 3400
13  McNaul Ebel Nawrot & Helgren PLLC,    Seattle, WA 98101-2339
    600 University Street, Suite 2700,    (503) 796-2494
14  Seattle, Washington 98101             naldrich@schwabe.com
    (206) 467-1816                        daldred@schwabe.com
15  dweiskopf@mcnaul.com                  sburnside@schwabe.com
    mcampos@mcnaul.com
16                                        SQUIRE PATTON BOGGS LLP
17  *Attorneys for Receiver*              Joseph A. Meckes (admitted Pro Hac
                                          Vice)
18                                        475 Sansome Street, 16th Floor
                                          San Francisco, CA 94111
19                                        (415) 954-0200
                                          joseph.meckes@squirepb.com
20
                                          SQUIRE PATTON BOGGS LLP
21                                        Marisol C. Mork (admitted Pro Hac Vice)
                                          555 S. Flower Street, Suite 3100
22                                        Los Angeles, CA 90071
                                          (213) 624-2500
23                                        marisol.mork@squirepb.com
                                          consuelo.lopez@squirepb.com
24                                        edward.pavese@squirepb.com
                                          john.golembiewski@squirepb.com
25
                                          *Attorneys for Defendants*
26

1

## **ORDER**

2        PURSUANT TO STIPULATION, IT IS SO ORDERED.

3        IT IS FURTHER ORDERED that pursuant to Fed. R. Evid. 502(d), the production

4   of any documents in this proceeding shall not, for the purposes of this proceeding or any

5   other federal or state proceeding, constitute a waiver by the producing party of any

6   privilege applicable to those documents, including the attorney-client privilege, attorney

7   work-product protection, or any other privilege or protection recognized by law.

8        IT IS SO ORDERED.

9

10       DATED this 15th day of September, 2023.

11

12

13                                   RICARDO S. MARTINEZ
                                     UNITED STATES DISTRICT JUDGE
14

15

16

17

18

19

20

21

22

23

24

25

26

STIPULATED PROTECTIVE ORDER
(Case No. 2:21-cv-00663-RSM) – Page 10

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

EXHIBIT A

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of

_____ [print or type full address], declare under

penalty of perjury that I have read in its entirety and understand the Stipulated Protective

Order that was issued by the United States District Court for the Western District of

Washington on _____[date] in the case of *Espresso Supply, Inc. v. Smartco*

*International (HK) Limited and Eternal East (HK) Limited*, No. 2:21-cv-00663-RSM. I

agree to comply with and to be bound by all the terms of this Stipulated Protective Order

and I understand and acknowledge that failure to so comply could expose me to sanctions

and punishment in the nature of contempt. I solemnly promise that I will not disclose in

any manner any information or item that is subject to this Stipulated Protective Order to

any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for

the Western District of Washington for the purpose of enforcing the terms of this

Stipulated Protective Order, even if such enforcement proceedings occur after termination

of this action.


Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____


\* \* \*

STIPULATED PROTECTIVE ORDER
(Case No. 2:21-cv-00663-RSM) – Page 11